| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>Andrew E. Smyth (SBN 60030)<br>Stephen S. Smyth (SBN 248433)<br>William J. Smyth (SBN 265374)<br>SW SMYTH LLP<br>4929 Wilshire Blvd, Suite 690<br>Los Angeles, CA 90010<br>T: (323) 933-8401<br>F: (323) 933-6089<br>office@smythlo.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for:* DEBTORS | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**DEC 18 2018**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION**

| In re:<br><br>RAUL MIGLIETTI and<br><br>MYRNA MIGLIETTI,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 2:13-bk-27546-RK<br>CHAPTER: 7<br><br>**ORDER ☐ GRANTING ☒ DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
|---|---|

**Creditor Holding Lien to be Avoided** (*name*)*:* CITIBANK (SOUTH DAKOTA), N.A.

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☒ Notice of this Motion complied with LBR 9013-1(o).

    a. ☒ There was no opposition and request for hearing.

> *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
> *"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                              Page 1                        **F 4003-2.1.AVOID.LIEN.RP.ORDER**

    b. ☐ Hearing requested and held as indicated in the caption.

3. ☐ Motion granted as set forth in the **Attachment** to this order.

4. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice

    a. ☒ Insufficient notice.

> **As indicated on the abstract of judgment, the named lienholder is Citibank (South Dakota) N.A. (FDIC #23360), which no longer exists because it was merged into Citibank, N.A. (FDIC #7213), the lienholder's successor entity.  Debtor's lien avoidance motion under 11 U.S.C. 522(f) is a contested matter under FRBP 9014. The proof of service of the motion indicates that Debtor served "Citi" rather than "Citibank, N.A." As indicated on the FDIC BankFind website, Citibank, N.A. is an FDIC insured depositary institution, which must be served by certified mail addressed to an officer of the institution designated by the institution pursuant to Fed. R. Bankr. P. 7004(h) and 9014.  Although Debtor served an "Officer," via certified mail, Debtor's service of the motion is insufficient because service was not addressed to the full and correct name of Citibank, N.A., the successor lienholder.  There is no proof of service by certified mail on Citibank, N.A.**
>
> **The proof of service for the motion shows that Debtor served counsel for the lienholder in the state court litigation.  Unless the evidence shows that state court counsel is authorized to accept service for the lienholder in this bankruptcy case, which has not been shown, service is insufficient.  *In re Villar*, 317 B.R. 88 (9th Cir. BAP 2004); see also, *In re Frates*, 507 B.R. 298, 302-303 (9th Cir. BAP 2014) (holding that service of lien avoidance motion on corporate lienholder by certified mail to attention of officer of corporation pursuant to Fed. R. Bankr. P. 7004(h), but service on lienholder as judgment creditor in accordance with state law is not required). As the Bankruptcy Appellate Panel held in *Villar*, service on state court counsel is insufficient service for procedural due process purposes unless there is evidence showing that state court counsel is authorized to accept service in the bankruptcy case. *In re Villar*, 317 B.R. at 93-94. The abstract of judgment from 2011 listed the address of state court counsel as the address of the lienholder, but it is not shown that this is still correct now in 2018, or that state court counsel is authorized to accept service in this bankruptcy case for the lienholder.  Otherwise, Debtor must serve the affected lienholder, Citibank, N.A., at a proper address, such as the official address listed for the bank on the FDIC BankFind webpage by certified mail to the attention of an officer of the institution designated by the institution pursuant to Fed. R. Bank. P. 7004(h).  *In re Frates*, 507 B.R. at 302-303.**
>
> **There is no evidence to show that CT Corporation System is the registered agent for service of process for Citibank, N.A.**

    b. ☐ Insufficient evidence of the exempt status of the property in question

    c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

    d. ☐ Insufficient evidence of fair market value.

    e. ☐ Motion is incomplete.

    f. ☐ Other (*specify*):

        ///

        ///

        ///

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 2    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

5. ☒ The court further orders as follows (*specify*):

   **The court grants leave to Movants to file an amended motion to avoid lien which corrects these deficiencies within 60 days of entry of this order.**

   ###

Date: December 18, 2018

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*     Page 3     F 4003-2.1.AVOID.LIEN.RP.ORDER